## Royal Neighbors of America v. Laufman.

(Decided March 27, 1914.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch Number One.)

1. Insurance, Life—Action Upon Benefit Certificate—Payment of Premiums—Evidence—Instructions.—In an action upon a benefit insurance certificate the defense interposed was that the monthly assessment was not paid and the company relied upon the failure to comply with a provision in its bylaws as to reinstatement. Held, The issue was submitted by the lower court to the jury under fair and proper instructions, and its finding for appellee will not be disturbed.

2. Insurance, Life—Action Upon Benefit Certificate—Evidence.—In such a case the question for the court is not whether the evidence is convincing, satisfying or sufficient, but whether there is any evidence to support appellee's claim.

SAMUEL W. GREENE, W. A. SCREECHFIELD for appellant.

WILLIAM P. McDONOUGH and L. C. HECK, Jr., for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The Royal Neighbors of America appeal from a judgment for $1,000.00 rendered in favor of William A. Laufman upon a benefit, or insurance certificate issued upon the life of his wife, Thetta Laufman. The record

shows that appellant is a secret fraternal society, operating under the lodge system, and obtains its membership through subordinate lodges, as contemplated in section 641 of the Kentucky Statutes. The society was organized and incorporated under the laws of Illinois.

Appellee and his wife, Thetta Laufman, moved from Kentucky to Lawton, Oklahoma, sometime before the year 1910, and on September 9th, 1910, by an application through the Lawton Lodge, Thetta Laufman became a member of appellant order, and on that day, there was issued to her the $1,000.00 benefit certificate sued on, same being payable at her death to her husband, the appellee. Her rights as a member, and his as a beneficiary are, by the terms of the certificate, conditioned expressly that Thetta Laufman shall comply strictly with the laws, rules, and regulations of the order. These laws, among other things, provide that she shall pay, on or before the last day of each month, in which an assessment was levied, the sum of 55 cents for the Benefit Fund of appellant, together with her local camp, or lodge dues. These laws further provide that a member failing to pay, to the Local Camp Recorder, her dues and assessments on or before the last day of each month, for which an assessment has been levied, "shall stand suspended." "During such suspension the benefit certificates of such members shall be void."

Appellant insists that Thetta Laufman was suspended for non-payment of September 1911 assessment, and relies upon her failure to comply with the provisions of section 73 of its by-laws, concerning the reinstatement, as a bar to recovery on the certificate. In other words, appellant by answer admits the issual of the benefit certificate sued on, but alleges that decedent, Thetta Laufman, failed to pay her assessment for the month of September 1911, known as assessment number 8, during that month, and was thereupon automatically suspended on the first day of October 1911; that within sixty days from October 1st, 1911, to-wit: on the 26th day of October of that year, she attempted to reinstate herself by paying at that time the delinquent assessment. The answer further alleges that when said delinquent assessment was paid on October 26th, 1911, Thetta Laufman was suffering from tuberculosis, and died therefrom February 10th, 1912. Appellant insists that the attempted reinstatement of Thetta Laufman was null and void under the contract of insurance, although it admits that all

subsequent assessments, to and including the month in which she died, were duly and promptly paid. By the terms of section 73, a delinquent member when tendering dues for reinstatement warrants that he or she is then in good health, and agrees when so paid the same "shall be received and retained by the local Camp Recorder, and the Supreme Recorder of the Society without waiving any of the provisions of this Section until such time as the Supreme Recorder or the Board of Supreme Managers shall have actual knowledge that the suspended member was in good health when attempting to reinstate from suspension by paying the assessment, the failure of which caused suspension."

The proof shows that in September and October, in fact, all the time from June, 1911, Thetta Laufman was in bad health, and in all probability she was then afflicted with tuberculosis. She left Oklahoma in June or July 1911, returning to Kentucky with her husband, and appellee admits, and it is shown by the proof introduced in his behalf, that the reason of their return was the advice of an Oklahoma physician that they should leave that climate, although he says they were informed that her affliction was malaria. It is also admitted that there was no material improvement in her health; on the contrary, there was a gradual decline from that time until her death in February following. So we may accept it as a fact, that if she was a suspended member in September, she was in bad health at the time of her reinstatement.

For purposes of this case we pass the question as to whether, under the terms of section 73, the local Camp Recorder, or the Supreme Recorder of the Society, owed her or the order any duty of making an investigation, and determining whether the suspended member was in good health when attempting to reinstate, and also the question as to whether, by failure to so investigate, and ascertain the facts as to her health, and a conditional acceptance of her monthly dues and assessments thereafter until her death, there was not a waiver of the health condition at the time of her reinstatement. We may also pass the question as to whether certain depositions copied in the record were included in the bill of exceptions.

But one question remains, and that is, was the September assessment paid, and paid on or before the last

day of September? Appellant admits it was paid, but not until October, and when the October assessment was also paid. The Supreme Recorder testified that the local Camp Recorder reported non-payment for September, and the reinstatement payment with October report, and files with her deposition the original reports transmitted to her by the local Recorder, corroborating her statement. The Lawton Recorder also testified to the same effect. She does not, however, introduce or testify from the original records of the Lawton Camp, which should show the suspension, if in fact there was one. Her reason for this is that, at the time her testimony was given, she was not an officer of the order, and that the original records were then in the possession of another who succeeded her as Lawton Camp Recorder. This acting Camp Recorder was not introduced, and the original records as to her suspension are not in the case. Appellee maintains that the September assessment was paid in September, and that there never was a lapse for non-payment in any month. On this question we quote from the testimony of appellee:

Testimony of William A. Laufman:

"Q. Did Mrs. Laufman at all times pay her dues and assessments as levied by the Royal Neighbors of America? A. Yes, sir, her and her stepmother. Q. She or her stepmother? A. Yes, sir. Q. Where were those dues paid? A. At Lawton, Oklahoma. Q. Were those assessments paid as they were levied? A. Yes, sir. Q. Did she at any time fail to pay any assessment that was levied and called for? A. No, sir, not that I know of."

We also quote from the testimony of Mrs. G. K. Day, who was a stepmother of Thetta Laufman, and a member of the Laufman family:

"Q. Who paid her dues in this organization? (Objected to by counsel for defendant.) By the Court: She can state if she knows. Q. Do you know who paid them? A. Everyone. Q. From September 1911 until the time of her death? A. I did. Q. Whom did you pay those dues to? A. Mrs. Hubbard. Q. Who was Mrs. Hubbard? A. She was the head lady of the Lodge. I don't know what she was, she was the one that collected, took the money.

CROSS-EXAMINATION.

"Q. You don't know about that one for September? A. I know that I paid it. Q. You don't know when? A. I know that I paid it before the last Thursday in the

month, that is the time that I paid that when I talked to Mrs. Hubbard.'

Mrs. Day continued to reside at Lawton until after February 1912, and whatever assessments were paid on this certificate after July 1911 were paid by, or through her. It seems that on October 26th the appellee wrote a letter to Mrs. Hubbard, the Lawton Camp Recorder, making inquiry. This letter is not in evidence, but the reply of Mrs. Hubbard was introduced in corroboration of the testimony of Mrs. Day, and is as follows:

"Lawton, Okla., Oct. 31, 1911.

"Mr. and Mrs. Laufman,

Dear Neighbors:

Yours of the 26th at hand and contents noted and in reply will say that it is not me but yourself that does the suspending by not sending your Ass'ts and as I am not able to pay the Ass'ts for those that fail to, I therefore must send them in suspended, which I hate very much to do. Mrs. Laufman, your mother paid your Sept. Ass't & Dues which was $1.05 and your Oct. Ass't which was .55ct but Mr. Laufman owes for Sept. .95 ct. and Oct. .45ct which is $1.40, and there is Ass't for Nov. which must be paid before the last day. Hoping to hear from you by return mail, I remain,

Yours Royally,

"Mrs. Flora Hubbard, 810 1.St."

Appellant insists that the testimony of appellee, and of Mrs. Day and the letter quoted is not at all satisfying; that in fact, Laufman does not know whether the September assessment or any of them were paid; that while Mrs. Day swears positively she paid the September assessment, and paid it before the last day of that month, yet her evidence is contradicted by record evidence of the Order, and the jury should not have been permitted to accept it when in conflict with the record. Furthermore, it contends that the statement in Mrs. Hubbard's letter: "Mrs. Laufman your mother paid your Sept. Ass't. & Dues," does not corroborate her statement that she paid it in September. Appellant admits that Mrs. Laufman paid the September dues, but claims they were paid in October at the same time she paid the October assessment, and after Thetta Laufman had been suspended. But it should be remembered that the original record of the Lawton Camp was not in evidence. The argument with reference to the letter, and

the effect of the testimony of appellee, and Mrs. Day, together with what credibility should be given to them, is a matter for the jury. The question for this court is not whether the evidence is convincing, satisfying or sufficient, but whether there is any evidence to support appellee's claim, and if so, it is our duty to uphold the action of the lower court in submitting the question to the jury. The lower court did this by the following fair and proper instructions:

"Instruction No. 1. You will find for the plaintiff, unless from the evidence, you believe the facts to be either as stated in the second instruction, or as stated in the third instruction, or both, in either of which events, the law is for the defendant and you will so find."

"Instruction No. 2. Under the laws of the order, if Mrs. Laufman failed to pay her September dues, during the month of September, she thereby became suspended, subject only to her right to be reinstated by the payment of all amounts due and in arrears within sixty days, provided that at the time of payment she was in good health. The proof shows that after September 1st she was not in good health. Therefore, if you believe from the evidence that Mrs. Laufman's dues for September were not paid during the month of September, then the attempted reinstatement thereafter was unavailing, and the law is for the defendant and you should so find."

If there was any error in instruction number two it was, in the effect given by the court to the attempted reinstatement, and that error, if any, was favorable to appellant and, of course, it cannot be heard to complain on that account.

Upon the whole case the judgment is affirmed.